## IN THE UNITED STATES DISTRICT COURT OF THE
## NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION


**HAROLD BINGHAM**                                                    **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 2:12cv71-MPM-JMV**

**TUNICA RESTAURANT GROUP, INC.**
**d/b/a 8oz BURGER BAR,**                                            **DEFENDANT**


### ORDER

This matter came before the court on the motion of Plaintiff to strike and exclude certain

testimony of defendant's expert, David Johnson (#33).  After considering the motion, response,

and the applicable case law, the court finds as follows:

Defendant identified and disclosed David Johnson, a professional engineer and "certified

safety professional" as a testifying expert in this simple slip and fall case involving a recently

mopped floor.  The defendant retained Mr. Johnson to provide opinion testimony that the

defendant acted reasonably in its mopping  operations; that the plaintiff was sufficiently notified

of the wet floor avoid it; and that the plaintiff's walking style was negligent and contributed to

his fall.  Plaintiff challenges Mr. Johnson's testimony pursuant to *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc*., 509 U.S. 579 (1993), its progeny, as well as Rule 702 of the Federal Rules

of Evidence.

### STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence requires that a qualified expert witness (1)

base his opinions on sufficient facts or data; (2) utilize reliable principles and methods in forming

opinions; and (3) reliably apply the principles and methods to the facts of the case. Accordingly, Defendant must demonstrate that Mr. Johnson is both qualified and that his opinions are scientifically valid and methodologically sound. *Daubert*, 509 U.S. at 592. When determining admissibility of expert testimony, courts must consider whether the expert opinion is based on scientific knowledge (reliability) and whether the expert opinion will assist the trier of fact to understand or determine a fact in issue (relevance). *Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 38 (Miss. 2003). In *Daubert*, the Court instructed district courts to function as gatekeepers to ensure that only reliable and relevant expert testimony is presented at trial. *Daubert*, 509 U.S. at 590-93. Although *Daubert* addressed traditional "scientific" evidence, courts should apply the same rule to all Rule 702 experts, including those relying on technical or other specialized knowledge. See *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1174-75 (1999). In determining reliability, the courts should follow a flexible approach in which they examine factors including the following: (1) whether the theory can be, and has been, tested; (2) whether the theory has been published or subjected to peer review; (3) any known rate of error; and (4) the general acceptance that the theory has garnered in the relevant expert community. *Edmonds*, 955 So. 2d 791 (citing *Daubert*, 509 U.S. at 593-94, 113 S.CT. at 2786). The Supreme Court later determined that the above-mentioned factors apply to "technical or specialized expert testimony as well as to scientific expert testimony." *Mississippi Transp. Com'n v. McLemore*, 863 So.2d 31, at 37 (Miss. 2003).

Additionally, the proponent of the expert testimony must show admissibility by a preponderance of the evidence, placing the burden on the defendant to establish to the court that Mr. Johnson's opinions meet the foundational requirements of admissibility. *Daubert* at 592,

n.10. It is a further requirement that the expert testimony proffered must actually assist the trier of fact. Even where expert testimony is reliable and is provided by a qualified expert, the testimony may not assist the trier of fact. *Id*. This means that the expert testimony must concern matters beyond the understanding of the average lay person. The expert testimony must be relevant, not simply in the sense that all testimony must be relevant pursuant to Rule 402, but also in the sense that the expert's proposed opinions would assist the trier of fact to understand or determine a fact in issue. *Daubert*, 509 U.S. at 591-92.

## I. OPINION REGARDING PLAINTIFF'S FAILURE TO BEHAVE CAUTIOUSLY

Plaintiff challenges Mr. Johnson's testimony that the Plaintiff was "inattentive to the potential for a damp, slippery tile surface after acknowledging visual cues of its potential." The court finds that this testimony is not based on any particular expertise of Mr. Johnson and indeed is of no assistance to the jury who, like the proposed expert, is capable of viewing the video of the incident and reaching its own determination in this regard.

## II. OPINION REGARDING PLAINTIFF'S WALKING GAIT/STYLE

Plaintiff challenges Mr. Johnson's testimony that the plaintiff could have broken his fall or regained his balance if he had not walked with his arm behind his back on the basis that defendant  failed to disclose certain literature alleged to support this opinion in Mr. Johnson's expert report in violation of  Fed. R. Civ. P. 26(a)(2). Additionally, the Plaintiff challenges this opinion  as irrelevant and subjective.  In the court's view, this testimony is not properly the subject of expert opinion, as there is nothing specialized, technical or scientific about this speculative conjecture.  Moreover, it is apparently premised, at least in part, on an alleged study that was not timely disclosed.

### III. OPINION REGARDING WHAT PLAINTIFF KNEW OR COULD SEE

Plaintiff challenges Mr. Johnson's testimony that the plaintiff could see the caution sign from where he fell and that the plaintiff did not know that sections of the restaurant floor had not been mopped. The court finds that testimony as to what plaintiff in this case could see or knew is entirely speculative and not properly the subject of expert testimony. Furthermore, there is no foundation for opinions about what the plaintiff could see offered other than the video tape, which the jury itself is perfectly capable of viewing and analyzing. In short, this testimony will not assist the jury.

### IV. OPINIONS REGARDING APPLICABLE STANDARDS OF
### PROPER PLACEMENT OF WET FLOOR SIGNS

In the court's view, standards of this nature are the proper subject of expert testimony, and this is so whether an industry standard is a specific or general. Accordingly, the jury may be informed by the expert as to what the standard, if any, is. However, whether the Defendant complied with the standard does not strike this court as requiring expert interpretation. The jury can determine itself whether the facts of the case satisfy the industry standard, if any. There is no specialized knowledge or technical prowess necessary to make such determination and none is suggested by defendant.

Additionally, Mr. Johnson will be prohibited from testifying as to the floor safety training, if any, received by the employees as it is uncontested that he has no knowledge of what training, if any, was involved.

### CONCLUSION

Based on the court's analysis, the court finds Plaintiff's motion, with a single narrow

exception, to be well taken.  Mr. Johnson's testimony shall be limited accordingly.

IT IS, THEREFORE, ORDERED that the defendant's motion to strike is hereby

GRANTED in part and denied in part.

SO ORDERED, this the 8th day of April 2012.

/s/Jane M. Virden_____
UNITED STATES MAGISTRATE JUDGE